**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

October 19, 2022

John A. Sergovic, Jr., Esquire
Sergovic Carmean Weidman McCartney &
Owens, P.A.
P.O. Box 751
25 Chestnut Street
Georgetown, DE 19947

Mary R. Schrider-Fox, Esquire
Steen, Waehler & Schrider-Fox, LLC
P.O. Box 1398
92 Atlantic Avenue, Unit B
Ocean View, DE 19970

> Re: *Gerald N. and Myrna M. Smernoff Rev. Trusts v. The King's Grant Condominium Assn.*, C.A. No. 2020-0798-PWG

Dear Counsel:

I am in receipt of Plaintiffs' Motion for Reargument docketed on October 14, 2022, purportedly seeking reargument of my Letter Opinion of October 10, 2022 (the "Decision"). "A motion for reargument under Rule 59(f) will be denied unless the Court has overlooked a decision or principle of law that would have controlling effect or the Court has misapprehended the law or facts so the outcome of the decision would be affected."[1] Plaintiffs, however, cite neither a mistake of law nor a misapprehension of fact in the Decision.

To the extent I follow their rationale, the Plaintiffs ask me to assume jurisdiction over the case, because the inherent standard of review for Masters'

---

[1] *Brown v. Wiltbank*, 2012 WL 5503832, at *1 (Del. Ch. Nov. 14, 2012) (internal quotations omitted).

cases, and the particular circumstances here, make the effort and amount of time required to achieve finality inappropriate to the issue posed: a right to equitable relief to have the Defendant repair or replace a leaking window in Plaintiffs' condominium. In fact, I noted the unfortunate longevity of this matter in the Decision. I also note, however, that the underlying "water test" indicating that the window should be recaulked was performed in *2014*, and that suit was thereafter filed, a brisk six years later. I think it follows that expedition was not, at least initially, the Plaintiffs' foremost concern.

In any event, the Plaintiffs seek via "reargument" to persuade me to reassign the case to myself, in order to expedite final relief. This request, whatever its merits, is doubly misplaced. It does not state a ground for reargument of the Decision itself (which affirmed the Master's denial of the Plaintiffs motion for summary judgment, the subject of the Plaintiffs' exceptions to the Master's Final Report of June 15, 2022); neither does it make a request within my power to grant. Assignment of cases is a matter for the Chancellor. Any request for reassignment should be made to the Master to whom the case is assigned, for her recommendation, or directly to the Chancellor; Plaintiff's request to me is in an arena to which my writ does not run.

For the foregoing reasons, the Plaintiff's Motion for Reargument is DENIED.  To the extent the foregoing requires an order to take effect, IT IS SO ORDERED.

Sincerely,

/s/ Sam Glasscock III

Vice Chancellor

cc:     All counsel of record via *File & Serve Xpress*